**Dated: September 26, 2013**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

In re:

DEBRA JEAN HENSON,                              Case No.   06-80191-TRC

                                                                  Chapter 7

                Debtor.

## ORDER DENYING MOTION TO REOPEN

Before the Court is the Motion to Reopen Case for the Purpose of Bringing an Adverse Action to Enforce Discharge of Debtor (Docket Entry 23), Objection filed by Norma Schritter (Docket Entry 31), and Debtor's Response (Docket Entry 32). The parties also submitted briefs to the Court. Having reviewed these and the exhibits presented, as well as the docket activity in this case, the Court concludes that the relief sought cannot be granted, therefore the Motion to Reopen must be denied.

    I.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding as contemplated by 28 U.S.C. §§ 157(b)(1).

II. Background

This case was filed by Debtor Debra Jean Henson ("Henson") on April 10, 2006. It was a no-asset, Chapter 7 case. She received a discharge on August 17, 2006. Several years later, in 2010, Henson became terminally ill. Her mother, Norma Schritter ("Schritter"), made demand upon her to pay $62,333.00. When Henson refused to pay, Schritter and Henson's father, James A. Schritter, filed a lawsuit against her on September 23, 2010, in Canadian County District Court, State of Oklahoma ("state court action").[1] They sued Henson to collect $69,585.00, and to set aside a real estate conveyance. Henson died on November 21, 2010, while the state court action was pending. Her son, Chase Allen Henson, defended the lawsuit on behalf of Henson's estate, and was eventually appointed as her Personal Representative ("Personal Representative"). In November of 2012, Schritter submitted an affidavit in the state court action informing the state court that Henson had filed bankruptcy in 2006, and that Schritter and James A. Schritter provided the funds to pay Henson's bankruptcy attorney.[2] The Personal Representative claimed that he was not aware of his mother's bankruptcy until that point in time, and had been proceeding on the defense that monies paid to Henson by Schritter were gifts, not loans. Upon notice that his mother had received a discharge in bankruptcy, he filed a motion for partial summary judgment in the state court action asking that court to rule that debts to Schritter that arose before the bankruptcy had been discharged. He also filed the Motion to Reopen Henson's bankruptcy so that he could bring an adversary proceeding against Schritter to enforce the discharge injunction and recover his attorney fees and costs from her.

---

[1] CJ 2010-875, James A. Schritter and Norma Jean Schritter, individually and as Co-Trustees of the James A. Schritter Living Trust, and Norma Jean Schritter Living Trust, Plaintiffs v. Debra Jean Henson. After Henson's death, her son, Chase Allen Henson was substituted as defendant, as the Personal Representative of the estate of Debra Jean Henson, and individually and as trustee of the Debra Jean Henson 2010 Revocable Trust. James A. Schritter died in 2011.

[2] Exhibit 2 to Docket Entry 32, Debtors Response to Norma Jean Schritter's Objection to Reopening Closed Bankruptcy Case.

Schritter opposes reopening of the case. She submitted an affidavit to this Court admitting that she loaned the funds to Henson to pay her bankruptcy attorney.[3] She also testified that she and Henson agreed that Henson would not seek to discharge any loans Schritter made to Henson prior to the bankruptcy so that Schritter would continue to make loans to Henson. Schritter would not have made postpetition loans to Henson had her prepetition loans been discharged.[4] Henson did not assert her bankruptcy discharge as an affirmative defense in the state court action because, according to Schritter, Henson did not intend to discharge in bankruptcy the loans her parents made to her.

This Court held a hearing on June 26, 2013, regarding the Personal Representative's Motion to Reopen. The Court requested additional briefing on the issue of whether a Personal Representative has standing to file a motion to reopen and to pursue a violation of the discharge injunction. Having reviewed the briefs and exhibits, the Court took the matter under advisement.

III. Analysis

Section 350(b) of Title 11 provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. This language is very broad, thus allowing a court to exercise its discretion to reopen a case whenever it finds cause.[5] Here, Debtor's estate alleges a violation of the discharge injunction, which prohibits any attempt to collect a debt that was discharged in bankruptcy. It is asking this Court to afford relief by allowing it to reopen the bankruptcy and file an adversary proceeding wherein it will seek this Court's assistance to "punish" Schritter through injunctive relief, damages, attorney fees and costs. Should it prevail, there may be an award to administer, but the relief

---

[3] Schritter states that her loans to Henson date from 1981 through 2010.
[4] Docket Entry 33-1.
[5] *See In re Alpex Computer Corp.,* 71 F.3d 353, 356 (10th Cir. 1995)(citation omitted).

requested is mostly for the benefit of Debtor's probate estate, rather than to augment and benefit creditors of the bankruptcy estate.

Motions to reopen should only be granted if the underlying relief requested can be granted by the bankruptcy court.[6] In this case, the Court finds that it would not grant the relief requested by Debtor's estate so it will not reopen the case.

Schritter argues that the motion to reopen must be denied because Debtor's Personal Representative cannot be substituted as the debtor in the bankruptcy. While it is true that a probate estate may not be a debtor because it is not a "person" under the bankruptcy code, the issue is a bit more complicated in this case. Unlike *In re Shepherd*,[7] where the debtor's personal representative sought to be substituted for the deceased debtor prior to completion of the case, Henson filed bankruptcy, received her discharge, and her case was closed years before her death. The action which her Personal Representative seeks herein is to enforce an order of this Court – the bankruptcy discharge injunction. Where a creditor violates that injunction by seeking to recover a discharged debt, this Court has the power to address that and award sanctions pursuant to 11 U.S.C. §§ 105 and 524. In that sense, there may be relief that provides a reason to reopen this case.

However, relief can be afforded the Personal Representative in the state court action. That court is in a better position to determine which debts were prepetition and thus discharged in Henson's bankruptcy, and which were postpetition, and can enter a judgment accordingly. Schritter admits to this Court and to the state court that she knew of the bankruptcy. No actions were undertaken in the bankruptcy to find that Schritter's claim was nondischargeable under 11 U.S.C. §523, and no reaffirmation agreement was entered regarding any debt Henson may have

---

[6] *See In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003).
[7] *In re Shepherd*, 490 B.R. 338 (Bankr. N.D. Ind. 2013) cited by Shritter in support of argument that prohibition against probate estate filing bankruptcy should extend to reopening a closed bankruptcy case.

owed to Schritter or the trusts.  Where a creditor has actual knowledge of a Chapter 7 filing, then absent a determination that a debt is nondischargable or a reaffirmation agreement is entered, debts are discharged.[8]  In this no-asset Chapter 7 case, Henson's prepetition debt to Schritter was discharged, even though unscheduled and not listed on the matrix.[9]  This Court declines to make a factual determination regarding the dollar amount of prepetition debt that was discharged in bankruptcy, and what amount Schritter may be entitled to regarding postpetition debts.  The state court has that evidence before it and can make that determination.[10]

It appears that neither party has clean hands in approaching this Court for relief.  Their actions in the bankruptcy case convince this Court that it should decline to reopen to afford relief to either party.  Based upon Schritter's Affidavit, she and Henson had an agreement to hide Schritter's loans from this Court in an attempt to avoid discharging those debts and to give Schritter an advantage over other creditors.  Henson had a legal duty of full disclosure to this Court and filed her petition and schedules under penalty of perjury.  Their agreement appears to be an attempt to manipulate the bankruptcy process and this Court.[11]  This Court will not condone the conduct of either party.

Schritter should not presume that this Court's decision to deny the Motion to Reopen is an acknowledgement that she has done nothing in violation of the orders of this Court.  She filed the state court action prior to Henson's death when Henson herself could have returned to this Court seeking relief and sanctions against Schritter.  This Court reminds Schritter that the discharge injunction bars her from seeking to collect debts that have been discharged.  Because this Court believes that the state court is fully capable of recognizing the import and effect of

---

[8] *See In re Schicke*, 290 B.R. 792, 798-99, 800-01 (10th Cir. BAP 2003).
[9] *In re Cerrudo*, 214 B.R. 500 (Bankr. N.D. Okla. 1997).
[10] The dispute between these parties appears to involve a long-standing family feud which is better left to the state court to sort out.
[11] *See Eastman v. Union Pac. R. Co.*, 493 F.3d 1151 (10th Cir. 2007).

Henson's discharge and determining what debts were discharged, and because both parties conspired to withhold information in the bankruptcy case, it will not reopen and afford relief to either party.

As the parties' dispute proceeds in the state court action, this Court reiterates that all of Henson's debts that were incurred before April 10, 2006, including her debts to Schritter, have been discharged and are not collectable. This is true even though Schritter's loans were not listed in the bankruptcy schedules nor was Schritter listed on the matrix of creditors. Any debts that Henson incurred after April 10, 2006, are postpetition debts that were not discharged in bankruptcy; those may or may not be collectable. Whether attorney fees and costs should be awarded to either party is a matter left to the state court.

IT IS THEREFORE ORDERED that the Motion to Reopen (Docket Entry 23) is denied.

###